UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD CASE,

    Plaintiff,

v.

DOUG WADDINGTON *et. al.*,

    Defendants.

Case No. C06-5529RJB

**ORDER ADOPTING THE REPORT AND RECOMMENDATION**

This case comes before the Court on U.S. Magistrate Judge J. Kelley Arnold's Report and Recommendation (Dkt. 21-1) and "Plaintiffs' [sic] Objection to Report and Recommendation of Magistrate Judge, Directed to District Judge Bryan" (Dkt. 22). The Court has considered the relevant documents and the remainder of the file herein.

## I. FACTS AND PROCEDURE

Pro se Plaintiff, Richard Case, brought this civil rights action pursuant to 42 U.S.C. § 1983. Dkt. 1. On October 18, 2006, Plaintiff's motion to proceed *in forma pauperis* was granted. Dkt. 5. Plaintiff filed a thirty-six page Complaint against nine named defendants and other unnamed defendants. Dkt. 6. On October 18, 2006, U.S. Magistrate Judge J. Kelley Arnold ordered Plaintiff to provide nine identical copies of the Complaint with all attachments. Dkt. 7. Plaintiff objected to the Order on November 11, 2006 and asked for various injunctive relief. Dkt. 9. This Court denied

ORDER - 1

Plaintiff's objections and affirmed Judge Arnold's Order. Dkt. 10. This Court also referred Plaintiff's motion for injunctive relief to Judge Arnold. *Id.*

On December 5, 2006, Judge Arnold entered an Order to File an Amended Complaint with Marshals Form and Service Copies. Dkt. 11. Judge Arnold noted that the "court initially reviewed the file in this case and noted a lack of service documents . . . . [but] further review of the complaint shows portions of the original complaint are not legible." *Id.* The Order pointed to docket number six, pages nine and sixteen. *Id.* In response, Plaintiff did not submit a legible Complaint and instead objected to Judge Arnold's Order. Dkt. 13. On December 23, 2006, this Court entered an Order affirming Judge Arnold's Order to File an Amended Complaint with Marshal Forms and Service Copies and dismissing Plaintiff's "Objection to Magistrates [sic] Order to File Amended Complaint." Dkt. 14.

On January 16, 2007, Plaintiff filed a Notice of Appeal with the Ninth Circuit Court of Appeals. Dkt. 15. On March 23, 2007, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction. Dkt. 24.

On February 27, 2007, Judge Arnold entered a Report and Recommendation, recommending that the action be dismissed without prejudice for failure to comply with the Order to file a legible Complaint. Dkt. 21-1. On March 19, 2007, Plaintiff filed Objections to the Report and Recommendation. Dkt. 22. On April 4, 2007, Plaintiff filed a Notice of Preliminary Injunction Appeal. Dkt. 25.

## II. DISCUSSION

Plaintiff raises three issues in his Objection. First, Plaintiff contends that Judge Arnold "exceeded his statutory authority, pursuant to 28 USCA § 636 (b) (1) (A), by ordering the stay to the plaintiff's pursuit to preliminary injunctive relief." Dkt. 22, at 1. Second, Plaintiff argues that Judge Arnold did not consider the "factors applicable to dismissal for failure to comply with a court order" as required by *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992). Dkt. 22, at 1. Plaintiff alleges that Judge Arnold's failure to do so has led him to inappropriately recommend dismissal based on Plaintiff's illegible handwritten Complaint. *Id.* Third, Plaintiff alleges that Judge Arnold's

ORDER - 2

stay and denial of injunctive relief, the granting of which would remedy the illegible complaint, "has resulted in a violation of the plaintiff's Constitutional Right [sic] to access the courts." *Id.* Each objection will be addressed in turn.

### A. STATUTORY AUTHORITY OF MAGISTRATE JUDGES REGARDING PRELIMINARY INJUNCTIONS

Plaintiff's argument that his case should not be dismissed because Judge Arnold exceeded his authority is without merit. Plaintiff argues that 28 U.S.C § 636(b)(1)(A) specifically exempts Judge Arnold from considering a motion for injunctive relief, and therefore Judge Arnold's orders and Report and Recommendation are "contrary to law." Dkt. 22, at 3 (citing *Reynaga v. Cammisa*, 971 F.2d 414 (9th Cir. 1992)). While Plaintiff is correct that under 28 U.S.C § 636(b)(1)(A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, "except a motion for injunctive relief," the next section specifically allows a magistrate judge to submit to the court proposed findings of fact and recommendations for the disposition of "any motion excepted in subparagraph (A)." 28 U.S.C § 636(b)(1)(B). Judge Arnold did enter a stay on "[a]ll pending motions until after the court has received the amended complaint and service copies." Dkt. 11, at 2. However, this Order was a part of Judge Arnold's Order to File an Amended Complaint with Marshals Form and Service Copies (Dkt. 11), and was not a "determination" on Plaintiff's motion for injunctive relief. And, although Judge Arnold had not yet made any recommendations regarding Plaintiff's request for injunctive relief, he would have been well within his statutory authority had he done so. *Id.*; *see* Dkt. 10, at 2 (referring Plaintiff's motion for injunctive relief to Judge Arnold).

### B. THE *FERDIK* FACTORS AS APPLIED TO PLAINTIFF'S COMPLAINT

In *Ferdik v. Bonzelet*, the court held that, in determining whether to dismiss a case for failure to comply with a court order, the district court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. 963 F.2d at 1260-61. The Plaintiff here asserts that Judge

ORDER - 3

Arnold failed to analyze those factors and, if he had done so, he would have seen that Plaintiff prevails on "at least 4 of the 5" factors. Dkt. 22, at 5.

Plaintiff's arguments fail for two reasons. First, the *Ferdik* court noted that "[a]lthough it is preferred, it is not required that the district court make explicit findings in order to show that is has considered these factors. *Ferdik*, 963 F.2d at 1261.

Second, even if the Court sets forth its analysis of the *Ferdik* factors, dismissal of Plaintiff's case is appropriate. Plaintiff submitted a Complaint that is illegible in several places (Dkts. 1 and 6) and has ignored two Orders to file a legible Complaint. Dkts. 11 and 26. Plaintiff's refusal to comply with the Court's Orders is against the public's interest in expeditious litigation and is congesting the Court's docket. Further, if Plaintiff's Complaint was not re-submitted in a legible form, Defendants would face severe prejudice. Defendants could not read the Complaint and therefore would not receive sufficient notice as to the allegations brought against them. And, while public policy favors disposition of a case on its merits, Plaintiff's refusal to submit a legible Complaint greatly hampers this Court's ability to decide the case on its merits. Last, the drastic action of dismissal is appropriate in this case. Plaintiff was warned that if he failed to submit a legible Complaint, his case would be dismissed. Dkt. 11. Plaintiff has already filed an appeal to the Ninth Circuit Court of Appeals (Dkt. 15), which was dismissed for lack of jurisdiction (Dkt. 24), and Plaintiff has filed a second appeal (Dkt. 25) regarding Judge Arnold's latest Report and Recommendation (Dkt. 21). Plaintiff so far refuses to submit a legible Complaint and appears unwilling to do so anytime soon.

In sum, an explicit analysis of the *Ferdik* factors reveals that dismissal of Plaintiff's case without prejudice is appropriate under the circumstances.

**C. PLAINTIFF'S CONSTITUTIONAL RIGHT TO ACCESS THE COURTS HAS NOT BEEN VIOLATED**

Plaintiff argues that this Court's Order that Plaintiff submit a legible Complaint in combination with this Court's failure to grant his motion for injunctive relief "resulted in a violation of the plaintiff's Constitutional Right [sic] to access the courts." Dkt. 22, at 1. Plaintiff claims that,

ORDER - 4

in an effort to comply with the Order to submit a legible Complaint, the Plaintiff needed an electric typewriter because only "golf" pencils were allowed as writing utensils. *Id.*, at 4. And, in order to obtain a typewriter, Plaintiff claims he needed the Court to grant his request for injunctive relief and order the prison to supply Plaintiff with materials at the public expense. *Id.*

"Prisoners have a constitutional right to access the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977), overruled on other grounds by *Lewis v. Casey*, 518 U.S. 343, 354 (1996). A prisoner's fundamental right of access to the courts requires only that the prisoner be given a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* at 825. However, prisoners are not guaranteed "the wherewithal to transform themselves into litigating engines." *Lewis*, 518 U.S. at 355. Instead, prisoners must be provided with the tools required to attack their sentences or challenge the conditions of their confinement; impairment of "any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* (italics omitted).

Plaintiff has failed to show how the Order requiring him to submit a legible Complaint deprived him of the tools he needs to litigate his claim. Plaintiff was and is capable of submitting a legible Complaint. Many portions of his original Complaint were legible, and Plaintiff does not allege that he was not provided with paper or a writing utensil. *See* Dkts. 6 and 22. The Court did require that Plaintiff submit his Complaint using the Marshal Service form, but this Court never required that Plaintiff submit a typewritten Complaint (Dkts. 11 and 14). *See Phillips v. Hust*, 477 F.3d 1070, 1077 (2007) (noting that "we have held that inmates have no right to a typewriter to prepare legal documents where court rules permit pro se litigants to hand-write their pleadings."). Further, the record shows that Plaintiff somehow acquired the typewriter he was requesting because documents filed by Plaintiff as early as December 19, 2006, were typed. *See* Dkts. 13, 19, 22. Therefore, Plaintiff has failed to show that this Court's Order that Plaintiff submit a legible Complaint resulted in a violation of Plaintiff's constitutional right to access the courts.

### III. ORDER

Therefore, the Court does hereby find and **ORDER**:

ORDER - 5

1     (1)     The Court **ADOPTS** the Report and Recommendation (Dkt. 21);

2     (2)     This action is **DISMISSED WITHOUT PREJUDICE** for failure to comply with the courts order to file a legible complaint; and

3     (3)     The Clerk of the Court is directed to send copies of this Order to Plaintiff and to the Hon. J. Kelley Arnold.

Dated this 17th day of April, 2007.

/s/ Robert J. Bryan
Robert J. Bryan
United States District Judge

ORDER - 6